## NEIGHBORS v STATE ·

Ohio Appeals, 6th Dist, Lucas Co

No 2217. Decided July 8, 1929

Christensen & Christensen, Toledo, for Neighbors.

Leroy W. Hunt, Prosecuting Attorney, and Clarence A. Irwin, both of Toledo, for State.

WILLIAMS, J.

Several questions are presented, but we think none of them calls for discussion except the admissibility in evidence of two letters addressed to him, one written by the brother Henry Neighbors and another written by another brother, named Horace, not previously referred to, who resided in Cleveland. Each of these letters called upon the plaintiff in error to confess and asked him not to fight extradition.

James O'Reilley, a police officer of Toledo, took these letters with him to Memphis, Tennessee, when he went there to bring the plaintiff in error back. It appears O'Reilley read to plaintiff in error the letter of Henry while they were in Tennessee and on the return trip to Toledo plaintiff in error read both letters, and after reading the letter purporting to be written by Henry he said that the signature was Henry's but that he did not think the body of the letter was in his writing, and as to the other letter he stated that he was satisfied that the whole letter was in the writing of Horace. After that he discussed the case generally with O'Reilly and asked O'Reilley what he thought he ought to do with the situation. Plaintiff in error then said to O'Reilley that he would have to consult Horace before he could determine whether he would plead or stand trial, and stated that he ought not to get any more than Henry got anyhow.

The court admitted the letters in evidence over the objection and exception of defendant below. The case does not present a question where the reading of a letter is met by silence, nor, on the other hand, one where such reading is met by a denial of the truth of the statements contained therein. The plaintiff in error commented on the letters after he read them, not only by admitting by word of mouth their genuineness but discussed the request to confess by saying that he did not know whether he would plead guilty or not. When an accused person is presented with a letter written to him, and reads it and admits that it is from the person whose signature is attached, and discusses the question whether he will comply with a request contained in the letter, the letter is admissible in evidence against him. Dutton vs. Woodman, 9 Cushing, 255.

The ruling of the trial court on the admissibility of the letters in question was in accordance with established principles of the law of evidence.

We find no error apparent upon the face of the record and the judgment will therefore be affirmed.

Lloyd and Richards, JJ, concur.